IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

S.D., individually and on behalf
of D.D., a minor,

      Plaintiffs,

CASE NO.:

v.

BROWARD COUNTY SCHOOL BOARD
and NOVA SOUTHEASTERN UNIVERISTY, INC.,

      Defendants.
_____/

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND**

COME NOW the plaintiffs, S.D., individually and on behalf of D.D., a minor, by and through the undersigned counsel and sues the BROWARD COUNTY SCHOOL BOARD and NOVA SOUTHEASTERN UNIVERSITY, INC., and hereby alleges as follows:

## **PARTIES**

1. The plaintiff, D.C., ("parent") is an individual, *sui juris*, who resides in BROWARD County, Florida, and at all times relevant.

2. The plaintiff, J.C., is a minor who has resides in BROWARD County, Florida, and at all times relevant.

3. The Defendant, BROWARD COUNTY SCHOOL BOARD, ("Board" or "District") is a corporate and governmental agency duly empowered by the constitution and statutes of the state of Florida to administer, manage, and operate the BROWARD County Public Schools ("BCPS.")

4. The District receives state and federal funding for the education of children with disabilities. The Board meets the definition of a public entity under 42 U.S.C. § 12131.

5. Nova Southeastern University, Inc. ("NSU") is a not for profit Florida Corporation doing business in Broward County, Florida. NSU contacts with BCPS to provide preschool special education to children with Autism in Broward County, Florida.

## JURISDICTION AND VENUE

6. Jurisdiction for this action vests pursuant to 42 U.S.C. § 12131 for claims brought under the Americans with Disabilities Act of 1990; 29 U.S.C. § 794, for claims brought under Section 504 of the Rehabilitation Act of 1973 and for violations of D.D.'s civil rights; and the District Court's pendent jurisdiction over the state claims alleged, which arise out of the same operative facts and circumstances.

7. Venue for this action lies pursuant to 28 U.S.C. § 1391(b) in that the Board resides in the judicial district and the cause of action accrued in the judicial district.

## GENERAL ALLEGATIONS

8. D.D. is a 5-year-old child with an autism spectrum disorder (ASD) who resides in Broward County, Florida, within the boundaries of Broward County Public Schools. D.D. has a date of birth of 11/07/2016 and a student Id # of 0620027494. D.D. is in preschool.

9. The School Board of Broward County, Florida ("district") is a corporate body and governmental agency, duly empowered by the Constitution and statutes of the State of

Florida to administer, manage and operate the public schools of Broward County, Florida.

10. The District received state and federal funding for the education of children with disabilities. The District meets the definition of a public entity under 42 U.S.C. section 12131.

11. NSU contracts with Broward County School Board to provide prekindergarten students with disabilities and autism special education.

12. Baudhuin preschool provides a language-based program for preschool children with autism. Classrooms incorporate social skills training, and TEACCH (Treatment and Education of Autism and Related Communication Handicapped Children) methodologies, i.e. independent work systems. Speech/language, behavioral, and occupational therapies are integrated into each child's classroom experience. In addition to educational programming, multi-dimension therapeutic support services are offered for children and families.

13. D.D. was found eligible for exceptional student education (ESE) services and remains eligible to date.

14. D.D. has an individualized education plan (IEP) that identifies his educational needs and the supports and services the district is required to provide with fidelity in the least restrictive environment.

15. During the 2019-2020 school year, D.D. attended preschool at Gator Run Elementary School.

16. The placement at Gator Run Elementary school was not successful. The school did not have the appropriate supports and services for D.D.

17. Then in March 2020, the school system shut down and preschool students were one the hardest hit by school closures, primarily because of the students' age and the nature of preschool programs. The impacts were compounded for students with disabilities, like D.D.

18. After the schools closed in person schooling, D.D. did not receive any instruction from his classroom teacher. His pre-school teachers posted suggested activities for parents to do with their children at home. The Occupational Therapist (O.T.) called and told D.D.'s mother that she did not think that D.D. would benefit from teletherapy because he needed someone to be hands on with him. Therefore, he received no O.T. There was no contact by email or phone or services from his speech and language pathologist. There was no contact or services provided from any behavioral support teachers.

19. As such, based upon the occurrences during the 2019 -2020 school and the events after district was required to stop in person schooling, the district, with the agreement of Baudhuin Oral School at NSU, agreed to allow D.D. to begin attending Baudhuin during the Summer of 2020 and that he would be allowed to repeat the 2019-2020 school year at Baudhuin.

20. Rather than proceed to a due process hearing in 2020, the parties agreed to resolve the dispute by agreeing to placement of D.D. into the Baudhuin preschool at NSU for the 2020-2021; 2021-2022; and 2022-2023 school years.

21. Based upon this agreement, the family coordinated all D.D.'s related therapies and services to occur on the NSU campus and through the Baudhuin program.

22. Baudhuin's program is unique and one of a kind.

23. The ability to coordinate all the other supports and services for D.D. at the NSU campus is also unique and one of kind.

24. The program and the ability to coordinate the additional supports and services cannot occur anywhere else within the district.

25. In April 2020, the agreement was memorialized through email and Sherry Swanson, the preschool agency liaison confirmed the agreement and that an agreement to an additional year of preschool would in no way impact his placement at Baudhuin.

26. The parties agreed to and understood that D.D. would remain at Baudhuin through the 2022-2023 school year.

27. D.D. began at Baudhuin in the summer of 2020.

28. In October 2020, this agreement was reflected in the student's Individualized Education Plan (IEP).

29. This agreement was reaffirmed again on May 23, 2022 in both the Individualized Education Plan (IEP) and the written notice issued that same date.

30. Baudhuin staff was present at all of these meetings from 2020 to the present and was in agreement with the same.

31. The student was retained by the district to attend preschool at Baudhuin in the 2022-2023 school year.

32. Baudhuin has a long history of accepting students or retaining students in the program who are repeating preschool, as D.D. is in this case.

33. During the Summer of 2022 and just weeks before the 2022-2023 school year was set to begin, the family was informally told that D.D. could not return to Baudhuin for the 2022-2023 school year.

34. Then on July 8, 2022, legal counsel from NSU reached out directly to the family and advised the family that the student would not be allowed to attend Baudhuin for the 2022-2023 school year.

35. Upon information and belief, this decision to remove D.D. from Baudhuin was coordinated between the district and NSU.

36. The district has offered no alternative placement for the 2022-2023 school year.

37. The student is being removed from the Baudhuin program because of his disabilities and because he is "one of the hardest students we have ever had here."

38. The district and Baudhuin are deliberately indifferent to the needs of this student and the rights of the parents.

39. S.D. has engaged Langer Law, P.A. to represent them and are obligated to pay a reasonable fee for their services.

## COUNT 1
## BREACH OF SETTLEMENT AGREEMENT

40. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Plaintiffs entered into a settlement agreement with a meeting of the minds of each parties' obligations and responsibilities governed thereby.

42. The settlement agreement set forth the terms of the agreement to resolve the issues between the district, with the expressed approval and agreement by NSU, and with sufficiently specificity, and as confirmed by the actions of the defendants from 2020 – 2022.

43. The Defendants are now attempting to circumvent the provision of the agreement that allowed for the student to remain at Baudhuin for the 2022-2023 school year.

44. Thus, the Plaintiffs are seeking to enforce the settlement.

WHEREFORE, S.D., individually and on behalf of D.D., respectfully request this Court to declare the actions of the Defendants to be a breach of the settlement agreement, issue an order allowing the student to return to school at Baudhuin for the 2022-2023 school year and award Plaintiffs' attorneys' fees, costs and expenses incurred in this matter and for such further relief as the court deems just and equitable.

## COUNT 2
## VIOLATION OF TITLE II OF THE AMERICAN DISABILITIES ACT

45. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

46. Plaintiffs further allege that the actions of the Defendants are discriminatory.

47. The Defendants are recipients of federal financial assistance and are therefore subject to Title II of the ADA.

48. The ADA provides a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities. 42 U.S.C. § 12101(b)(1)&(2).

49. The ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

50. The actions of removing the student from the preschool program was done with deliberate indifference to the impact that this exclusion would have on D.D. and his

parents and as such, the Plaintiffs are entitled to damages for the injuries as a result of these discriminatory action.

WHEREFORE, S.D., individually and on behalf of D.D., respectfully request this Court to declare the actions of the Defendants violate the Americans with Disabilities Act, issue a permanent injunction enjoining the Defendant from discriminating against students with disabilities and awarding Plaintiffs' attorneys' fees, costs and expenses incurred in this matter and for such further relief as the court deems just and equitable.

## JURY DEMAND

**A TRIAL BY JURY IS DEMANDED FOR ALL ISSUES TRIABLE AS OF RIGHT BY A JURY.**

Dated this 29th day of July, 2022.

        **LANGER LAW, P.A**

        By:__s/ Stephanie Langer_____
            Stephanie Langer, Esq.
            Florida Bar No: 149720
            Langer Law, P.A.
            2990 Southwest 35th Avenue
            Miami, Florida 33133
            T: (305) 570-0940 / F: (305) 204-9602
            Email: slanger@langerlawpa.com
                admin@langerlawpa.com
                *Attorneys for the Plaintiffs*